JUDGE CROTTY

13 CV 1792

Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BP OIL INTERNATIONAL LIMITED,

      Plaintiff,

  - against –

M/V ANTARCTIC, her, engines, machinery, tackle, etc. *in rem*; TSAKOS SHIPPING & TRADING S.A.; and POWERFUL SHIPPING S.A.,

      Defendants.
------------------------------------------------------------X

**COMPLAINT**

Plaintiff, BP OIL INTERNATIONAL LIMITED, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

**JURISDICTION**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

**PARTIES**

2. At all material times, BP OIL INTERNATIONAL LIMITED (hereinafter "B.P." or "Plaintiff") was and is a corporation with an office and place of business located at 20 Canada Square, London, E14 5NJ, United Kingdom and was the consignee and/or owner of the crude oil laden on board the M/V ANTARCTIC, as more specifically described below.

3.      At all material times, defendant, M/V ANTARCTIC (hereinafter "the vessel") is an ocean-going crude oil tanker owned and/or operated by defendants, as more specifically described below, that carried the crude oil which is the subject of this lawsuit from Sidi Kerir, Alexandria, Egypt to Lake Charles, Louisiana.

4.      At all material times, defendant, TSAKOS SHIPPING & TRADING S.A. (hereinafter "Tsakos") was and is a corporation with an office and place of business located at Megaron Makedonia, 367 Syngrou Avenue, Palaio Faliro, Faliro 17564 Greece, was and is the owner and/or disponent owner and/or commercial operator of the M/V ANTARCTIC, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5.      At all material times, defendant, POWERFUL SHIPPING S.A. (hereinafter "Powerful Shipping") was and is a corporation or other business entity with an office and place of business located at Calle Beartiz m. de Cabal Edificio Banco Aliado 8 Avo, Piso, Panama City 5, Panama, was and is the owner and/or operator of the M/V ANTARCTIC, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANTS

7.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 6, inclusive, as if herein set forth at length.

8.      On or about October 28, 2011, a consignment of crude oil, then being in good order and condition, was delivered to the M/V ANTARCTIC and/or its agents and to defendants and/or their agents at the port of Sidi Kerir, Alexandria, Egypt, in consideration of an agreed

upon freight, pursuant to bills of lading numbers TCVMANTAR1107 and TCVMANTAR1107A, dated October 28, 2011, for transportation to the United States.

9. The vessel and her owners and her operator were instructed to maintain the loaded temperature of the cargo but not above 35 Degrees Celsius.

10. Upon information and belief, during the entirety of the voyage defendants failed to maintain the load temperature of the cargo.

11. Between November 19, 2011 and November 21, 2011, the crude oil consignment was discharged from the M/V ANTARCTIC at Citgo Clifton Ridge Terminal in Lake Charles, Louisiana.

12. Upon the completion of discharge operations, it was determined that the vessel and vessel interests (defendants herein) had failed to discharge the full consignment of crude oil and that a quantity of cargo totaling 2,682 bbls remained on board the vessel ("ROB Quantity").

13. As a result of the foregoing, plaintiff sustained a loss of $313,912.00.

14. The loss sustained by plaintiff was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents and/or the unseaworthiness of the M/V ANTARCTIC.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $313,912.00

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages in the amount of at least $313,912.00, together with interest, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 18, 2013
228-127

By: *Martin F. Casey*

**CASEY & BARNETT, LLC**
Attorneys for Plaintiff

Martin F. Casey
Janine E. Brown
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225